CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
SEP 21 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MAKISA DENISE MARTIN, ) | |
| Plaintiff, ) | Civil Action No. 7:07-cv-00413 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| TONYA HAIRSTON, ET AL ) | |
| ) | By: Hon. Jackson L. Kiser |
| Defendant. ) | Senior United States District Judge |

Plaintiff Makisa Denise Martin, an inmate at the Martinsville City Jail in Martinsville, Virginia, has filed a pro se civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. On September 4, 2007, the court entered an order conditionally filing the complaint and directing plaintiff to submit documentation to the court demonstrating that she had either exhausted all available administrative remedies or documenting that such remedies do not exist at the Martinsville City Jail.[1] Plaintiff has now submitted a statement purportedly verifying that she has exhausted the administrative remedies; however, the "documentation" she submits consists of copies of personal letters that she wrote to non-incarcerated individuals, having nothing to do with conditions at the jail. Upon consideration of the submissions, it is clear that they in no way indicate that plaintiff exhausted all available grievance procedures. Because plaintiff did not exhaust her administrative remedies before filing this action, I find that her claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

---

[1] Plaintiff was further directed to amend her complaint to state a claim. Plaintiff has submitted no amendments. Her complaint could be dismissed for failure to comply with the court's order of September 4, 2007. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (dismissing pro se prisoner litigant's case for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b), because he "failed to respond to a specific directive from the court"). In the alternative, the instant complaint could be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A, which provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. Plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g). Plaintiffs is further advised that, were this complaint dismissed pursuant to § 1915A, such dismissal would constitute a "strike" under § 1915(g).

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. Plaintiff states that she has exhausted all available administrative remedies, but submits no documentation of having done so. Instead, plaintiff submits copies of personal letters she wrote to various persons.[2] I find that plaintiff has not fully exhausted all available administrative remedies regarding her current claims as required, pursuant to 42 U.S.C. § 1997e(a), before filing a federal lawsuit. Accordingly, I shall dismiss these claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 21st day of September, 2007.

*[signature]*
Senior United States District Judge

---

[2] The letters in no way relate to filing a grievance with the jail, nor do they even mention any issues at the jail.

2